# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-577V
Filed: July 7, 2013

*************************************
D. GOLMAKANI,                            &ast;

    &ast;

   Petitioner,   &ast;

    &ast;

 v.    &ast;

    &ast;

SECRETARY OF HEALTH &ast;

AND HUMAN SERVICES, &ast;

    &ast;

   Respondent.  &ast;

    &ast;

*************************************

TO BE PUBLISHED

**Special Master Zane**

Interim attorneys' fees and costs;
Withdrawal of counsel; Protracted
proceedings; Undue hardship

__Zane__, Special Master.

*Lisa Roquemore*, Law Offices of Lisa A. Roquemore, Irvine, CA, for Petitioner;
*Justine E. Daigneault*, United States Dep't of Justice, Washington, DC, for Respondent.


### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

   Pending before the special master is Petitioner's Motion for Interim Fees and Costs, in connection with work performed by her former counsel, to which Respondent objects. As explained below, upon consideration of the record as a whole, the motion is **GRANTED** as to the amounts to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the special master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information the disclosure of which would clearly be an unwarranted invasion of privacy. When such a decision, ruling or designated substantive order is filed, a party has 14 days to file a motion to redact such information, which should include a proposed redacted decision, before the document's disclosure. If the special master, upon review of a timely filed motion, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the version made available to the public. 42 U.S.C. § 300aa–12(d)(4); Vaccine Rule 18(b).

## I. BACKGROUND

### A. Initial Filing and Submission of Medical Records

On September 9, 2011, D. Golmakani[2] ("Petitioner"), represented by her former counsel, Robert J. Krakow, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §300aa-1, *et seq*., as amended ("Vaccine Act").[3] Petitioner alleges as a result of receiving the influenza ("flu") vaccination on August 23, 2009 she suffers from "an auto-immune injury affecting the autonomic nervous system characterized by symptoms of postural orthostatic tachycardia syndrome, postprandial hypotension and continuous cerebral hypoprefusion" as well as a cognitive disorder and other symptoms. Petition, ¶¶ 9, 40-41.

For ten (10) months following the filing of the petition, Petitioner was represented by Robert J. Krakow. During that time, Mr. Krakow procured and filed hundreds of pages of medical records and other documentation required by the Vaccine Act. *See* Petitioner's Exhibit 1-59. Mr. Krakow experienced particular difficulty in procuring medical records from one physician, who refused to release records to Petitioner. *See, e.g.*, Petitioner's Exhibit 56 at 2; Petitioner's Status Report Regarding Medical Record Production, ¶ 14. As a result, it was not until December 2012, fifteen (15) months after the filing of the petition, that Petitioner advised the Court that all outstanding medical documents had been filed. Statement of Completion at 1-2. Moreover, Mr. Krakow exerted a significant amount of effort in attempting to convert pertinent video files into a proper format for submission to the Court.[4] By January 2013, Petitioner had submitted over 700 video files, 650 of which are viewable. *See* Petitioner's Exhibit 58.

### B. Petitioner's Former Counsel's Motion to Withdraw and Motion for Interim Fees and Costs

On June 15, 2012, Petitioner's former counsel, Mr. Krakow informed the Court that Petitioner no longer wished that he represent her in this case. On July 16, 2012, Mr. Krakow filed his Motion to Withdraw as Attorney of Record for Petitioner ("Motion to Withdraw"). One day later, on July 17, 2012, Mr. Krakow filed his Motion for Interim Attorney's Fees and Reimbursement of Disbursements and Costs ("Motion for Interim Fees").

---

[2] Petitioner recently notified the Court that she had changed her surname from "Golmakani" to "Guerriére," but she has not filed a Motion to Amend the Caption. Petitioner's Exhibit 63 at 1.

[3] Part 2 of the Vaccine Act established the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through § 300aa-34 (2006) ("Vaccine Program").

[4] Initially, Petitioner possessed approximately fifty (50) hours of video, stored in 100 separate files. These files were in three formats, a Windows-compatible format, a MAC-compatible format and proprietary format, Final Cut Pro. Because the format available for Court filings is Windows-based, originally, the Mac and Final Cut Pro compatible versions could not be viewed by the Court or Respondent's counsel. Subsequently, after several months and with the assistance of the Court's IT staff, most of the videos are viewable with the exception of those in the Final Cut Pro format.

On that same day, a status conference was held with Petitioner, Mr. Krakow, and Ms. Debra Begley, who appeared on behalf of Respondent. The parties discussed Mr. Krakow's Motion to Withdraw as well as his Motion for Interim Fees. Petitioner stated that she had no objection to Mr. Krakow's Motion to Withdraw or Motion for Interim Fees. Petitioner advised that she was in the process of obtaining new counsel. Respondent did not object to Mr. Krakow's Motion to Withdraw, but she opposed Mr. Krakow's Motion for Interim Fees.

Mr. Krakow agreed to remain counsel of record until Petitioner either obtained new counsel or resolved to proceed *pro se*. As an officer of the Court, Mr. Krakow agreed to facilitate the filing of additional medical records while he remained counsel of record although he informed the special master that he would take no position with respect to substantive matters in the case. Eventually, on October 2, 2012, Petitioner filed a Motion to Substitute Attorney of Record, and Lisa A. Roquemore became Petitioner's new counsel.

Petitioner initially requested $62,817.00 for interim fees and costs. This consisted of $62,355.35 in attorney's fees and $461.65 for expenditures such as the procurement of medical records and postage. Motion for Interim Fees at 2, 4.[5]

On May 31, 2013, Respondent responded to the Motion for Interim Fees ("Respondent's Response to Motion for Interim Fees"). First, Respondent argued that interim fees are not appropriate prior to either an award of compensation or entry of judgment denying compensation. Respondent's Response to Motion for Interim Fees at 4. Second, Respondent argued that even if interim fees are authorized, it appeared that Petitioner's former counsel was seeking payment of fees solely due to his withdrawal and that withdrawal alone was not a reason for awarding fees on an interim basis. *Id.* at 6.

As to the amounts requested, Respondent initially objected to the hourly rates and number of billed hours employed. Respondent's Response to Motion for Interim Fees at 7-8. However, Respondent informed the Court that after some discussion, Mr. Krakow informally agreed to decrease his request for fees and costs incurred by $17,855.35. As a result, Petitioner now requests $44,961.65, an amount to which Respondent does not object. *Id.* at 8.

On July 1, 2013, Petitioner filed her reply to Respondent's Opposition. Petitioner disputed Respondent's positions regarding the appropriateness of an award of interim fees in this case. Petitioner acknowledged agreement to the amount of $44,961.65 for former counsel's fees.

---

[5] Petitioner's Motion for Interim Fees was initially stayed until the time Petitioner's former counsel actually withdrew. This was, in part, to determine whether Petitioner would continue with the case or seek a ruling on the record. If Petitioner had sought a ruling on the record and the case decided, the request for interim fees would have been transformed into a request for final fees. Moreover, following the appearance of new counsel and a status conference, a schedule was set for the filing of Respondent's response. Respondent requested 90 days to respond and later requested additional time, eventually filing her response on May 31, 2013.

Petitioner's Motion for Interim Fees is now ready for decision.[6]

## II.    APPLICABLE LEGAL STANDARDS

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). This provision permits an award of fees even when a petitioner does not prevail. *Id.* In so doing, this provision ensures the existence of a competent bar willing to represent those potentially injured by vaccinations. *Saunders v. Sec'y of Health & Human Servs.,* 25 F.3d 1031, 1035-36 (Fed. Cir. 1994) (a secondary purpose of the Vaccine Act, to ensure that vaccine-injury claimants will have readily available a competent bar to prosecute their claims under the Act, is effected by permitting the award of attorneys' fees and costs both to prevailing and non-prevailing claimants).

When compensation is not awarded, reasonable fees can still be awarded as long as it is shown that the petition was filed in good faith and there was a reasonable basis for it. 42 U.S.C. § 300aa-15(e)(1); *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372, 1375 (Fed. Cir. 2010). Good faith requires only a subjective belief that a vaccine claim exists. A presumption of good faith is afforded petitioners in Vaccine Act cases. *See Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).

The Vaccine Act does not define what constitutes a reasonable basis, but case law provides guidance. In contrast to the subjective standard relating to the good faith requirement, the reasonable basis requirement is "objective, looking not at the likelihood of success of a claim but more to the feasibility of the claim." *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed. Cl. 297, 303 (2011) (citing *DiRoma v. Sec'y of Health & Human Servs.*, No. 90-3277, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). A determination of reasonableness is appropriate at the various stages of the proceeding, and such determination is informed by looking to the totality of the circumstances. *McKellar,* 101 Fed. Cl. at 303. Although a claim may have had a reasonable basis at the time of its filing, the reasonableness of further pursuing the claim may come into question when new evidence becomes available or the lack of supporting evidence becomes apparent. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 33 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

As to the timing of an award of fees, the United States Court of Appeals for the Federal Circuit explicitly recognized that the Vaccine Act permitted the award of attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Following *Avera*, the Federal Circuit has clarified that an interim fee award may be made prior to a decision on entitlement. *Shaw,* 609 F.3d at 1374-75 ("A special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis.") (quoting *Avera*, 515 F.3d at 1352).

---

[6] With her reply, filed by Petitioner's former counsel, Petitioner filed a supplemental request in which she seeks reimbursement of costs that she has personally incurred in the amount of $4,322.81. Respondent has not had an opportunity to provide her position regarding this request. As such, this portion of Petitioner's request will be treated as a separate request and a briefing schedule in connection with it shall be set by separate order.

4

In *Avera,* the Federal Circuit provided examples of circumstances where an interim fee award may be appropriate, such as when the case involved protracted legal proceedings, when costly experts had been retained, or when there was undue hardship. *Avera,* 515 F.3d at 1352; *see also McKellar*, 101 Fed. Cl. at 301 ("some special showing is necessary to warrant interim fees, including but not limited to delineated [*Avera*] factors . . . ."); Vaccine Rule 13(b). Since *Avera*, cases have clarified that an award of interim fees is in the special master's discretion and that there are various circumstances under which an interim award is appropriate. *See Crutchfield v. Sec'y of Health & Human Serv.,* No. 09-39V, 2011 WL 3806351, at *5-7 (Fed. Cl. Spec. Mstr. Aug. 4, 2011) (listing cases). One circumstance that has been recognized as appropriate for an award of interim fees is where a petitioner's attorney is withdrawing. *Woods v. Sec'y of Health & Human Servs.,* 105 Fed. Cl. 148, 154 (2012).

Once it is established that an award of fees is appropriate, the appropriate amount of fees, the "reasonable attorneys' fees," must be determined. 42 U.S.C. § 300aa-15. The determination of the amount of reasonable attorneys' fees is also in the special master's discretion. *Shaw,* 609 F.3d at 1377 (citing *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993)). In cases where there is no dispute as to the amount of fees claimed, special masters have awarded a petitioner's counsel that undisputed amount generally. *See, e.g.*, *Shaw*, 609 F.3d at 1377.

## III.   DISCUSSION

As explained below, Petitioner has satisfied the requirements for an award of interim fees.

### A.  **Petitioner Has Acted in Good Faith and Has Established a Reasonable Basis for the Claim to the Time of Former Counsel's Withdrawal.**

A review of the record as a whole indicates that the claim was brought in good faith and there was a reasonable basis for the claim. With regard to good faith, it is clear that Petitioner has a subjective belief that the vaccination caused her injury. Respondent has not challenged the presumption of good faith here, and the undersigned is satisfied that Petitioner filed this claim earnestly believing that she suffered a vaccine-related injury.

As to reasonable basis, the evidence indicates that Petitioner had a reasonable basis for filing the claim and for pursuing it to the point of withdrawal.[7] The relevant time here is the period Petitioner's former counsel was counsel of record. Although Petitioner has yet to file an expert report, the medical records indicate that within a few days of her receipt of the flu vaccination, Petitioner began to experience a sore throat, fevers, fatigue, headaches, body aches, weakness, neck pain, joint pain, pseudoseizures, and she had trouble concentrating. *See*

---

[7] The special master concludes that a reasonable basis existed to the point of Petitioner's former counsel's withdrawal only. Whether a reasonable basis existed beyond this point and continues to exist to date cannot be decided based on the record at present, and this decision should not be construed as making any such decision.

Petitioner's Exhibit 2 at 11; Petitioner's Exhibit 5 at 1, 6, 9-10, 14-15; Petitioner's Exhibit 9 at 2; Petitioner's Exhibit 22 at 50, 56, 58; Petitioner's Exhibit 24 at 1. Roughly three weeks later, on September 12, 2009, Petitioner was admitted to the hospital with complaints of hyperventilation, shakes, weakness, dizziness, and lightheadedness, among others. *See* Petitioner's Exhibit 5 at 1-2, 9-10, 14-15. At the hospital, Petitioner was diagnosed with rhabdomyolysis, leukocytosis, near syncope, recurrent respiratory issues, elevated liver function tests, and a heart murmur. *See id.* at 6-7; Petitioner's Exhibit 51 at 128. Upon Petitioner's third visit to the hospital in one month, Petitioner's treating physician noted that Petitioner had "multiple somatic complaints following seasonal flu vaccine." Petitioner's Exhibit 9 at 4.

Additionally, over the course of the next two years, several doctors and specialists made note of a possible causal relationship between Petitioner's receipt of the flu vaccination and her symptoms. *See, e.g.*, Petitioner's Exhibit 13, 25-26, 38. On October 15, 2009, neurologist Ruben Cintron expressed that in his opinion, Petitioner's symptoms are "causally related to [Petitioner's] flu vaccination, which is not unknown to cause post-vaccination neuropathies, which can present with autonomic instability." Petitioner's Exhibit 26 at 1. In addition, Dr. Pradeep Nayak of The Cardiovascular Group, P.C. documented Petitioner's "[a]pparent vaccination-induced motor disorder." Petitioner's Exhibit 13 at 5. In March of 2010, electrophysiologist Walter Atiga reported that "[Petitioner's] symptom complex does certainly time out with her receiving the flu vaccination." Petitioner's Exhibit 13 at 2. On July 29, 2011, Dr. Blair Grubb, a specialist in the Cardiac and Autonomic Function Clinic at the University of Toledo suggested that "it sounds as though [Petitioner] has developed an autonomic neuropathy as a consequence of a reaction to the vaccination." Petitioner's Exhibit 38 at 1-2.

The foregoing medical records provide some indication at the outset of a possible causal relationship between the vaccine and Petitioner's injuries. In view of the foregoing, Petitioner's former counsel had a reasonable basis for filing this claim on behalf of the Petitioner, procuring and filing medical records, and proceeding to the point of his withdrawal.

### B. An Interim Fee Award Is Appropriate Here.

Respondent objects to Petitioner's Motion for Interim Fees, arguing that the express terms of 42 U.S.C. § 300aa-15(e)(1) require that attorneys' fees and costs are to be awarded "as part of such compensation." Respondent's Response to Motion for Interim Fees at 4. Respondent believes that there is nothing in the statute which authorizes attorneys' fees and costs to be awarded on an "interim" basis, prior to either an award of compensation or entry of judgment denying compensation. *Id.* This argument was rejected by the Federal Circuit, which determined that interim fees may be awarded prior to a decision of entitlement. *Shaw,* 609 F.3d at 1732. Accordingly, an interim fee award at this stage, where no decision on entitlement has yet been entered, is permissible.

Because interim fees can be awarded at this stage, it must now be determined whether it is appropriate to award interim fees in this case. In *Avera*, the court provided three examples of circumstances where an interim fee award may be appropriate, *e.g.,* when the case involves protracted legal proceedings, when costly experts had been retained, or when there is undue hardship. *Avera*, 515 F.3d 1343, 1352 (Fed. Cir. 2010). Respondent contends that these

6

circumstances recognized as appropriate for interim fees are not present here. Respondent's Response to Motion for Interim Fees at 5. However, the undersigned finds that at least two of the circumstances recognized in *Avera*, are present.[8]

### 1. Protracted Proceedings

First, an award of interim fees is appropriate because these proceedings are protracted. These proceedings have been ongoing for nearly two (2) years. Mr. Krakow did much to move the case forward, procuring and filing numerous medical records and affidavits and working to have the pertinent video clips placed in a format that would make them accessible to the Court and counsel. Indeed, new counsel continued to obtain and file additional medical records and seek to review and make available for review the videos.

However, despite this process, it has been approximately a year since Mr. Krakow advised of his intent to withdraw. And, it was not until fifteen (15) months after the filing of the petition, in December 2012, that Petitioner advised that all outstanding medical records had been filed. Statement of Completion at 1-2. In addition, it was not until January 2013, nearly 1-1/2 years after the filing of the petition, that Petitioner's video files were submitted in a proper format. Thus, given the length of time this action has already been pending and the length of time it is anticipated to remain pending, these proceedings are clearly protracted.

### 2. Undue Hardship

Additionally, there will be a significant undue hardship suffered, within the meaning of *Avera*, if Petitioner is forced to wait until Petitioner's claim is resolved before her former counsel is paid his fees. In *Woods v. Sec'y of Health & Human Servs.,* 105 Fed. Cl. 148, 154 (2012), the Court recognized that once counsel has withdrawn from a case, there is a hardship that warrants payment of interim fees. That hardship exists because former counsel is limited ethically from further participation. As such, former counsel may find it difficult to keep apprised of the progress of the case and may not be able to anticipate when he will be paid. *Woods,* 105 Fed. Cl. at 154. Here, as in *Woods,* it is a hardship for Petitioner not to have her former counsel paid for his vigorous and diligent representation for a lengthy period of time after he no longer represents Petitioner.

The circumstances recognized in *Avera* as justifying an interim fee award—protracted proceedings and undue hardship—are present here. Thus, interim fees are appropriate and may be awarded prior to a decision of entitlement. Payment of interim fees is justified.

### C. **The Amounts Requested Are Reasonable**.

Having determined that Petitioner's former counsel is entitled to fees, the amount that is reasonable must be determined. Respondent does not object to an award of $44,961.65. Respondent's Response to Motion for Interim Fees at 7-8. The undersigned finds that the

---

[8] In *McKellar,* 101 Fed. Cl. at 30, the Court recognized that factors other than those enumerated in *Avera* could be the basis for an award of interim fees.

amount of $44,961.65 in attorneys' fees and costs, to which there is no objection, is reasonable based on this stage of the proceedings. Based on the request's reasonableness, the undersigned **GRANTS** the Petitioner's request for an award of interim fees incurred by her former counsel.

## IV. CONCLUSION

For the reasons explained above, the undersigned finds that an award of interim attorneys' fees and costs to Petitioner's former counsel, Mr. Krakow, is appropriate in this case. The decision shall reflect that Petitioner is awarded attorneys' fees and costs on an interim basis as follows:

**in a check made payable jointly to Petitioner (D. Golmakani) and Petitioner's former counsel (Robert Krakow of the Law Office of Robert J. Krakow, P.C.), the amount of $44,961.65. The interim award check shall be mailed directly to Robert J. Krakow, Esquire, Law Office of Robert J. Krakow, P.C., 233 Broadway, Suite 2320, New York, NY 10279-2320.**

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master